## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **DARRYL MOODY** | : | **NO. 15-191** |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                       **January 5, 2022**

Moving for a reduction of sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), Darryl Moody, a prisoner at FCI Fort Dix, contends that his serious health conditions in light of the COVID-19 pandemic constitute extraordinary and compelling reasons warranting a reduction of his sentence.[1] He claims that he is not a danger to the community and is unlikely to recidivate. He cites his voluntary participation in educational classes and psychology groups, and his completion of the Non-Residential Drug Abuse Program ("NRDAP") as evidence of his rehabilitation.[2] The government concedes that Moody presents two serious medical conditions, obesity and hypertension, placing him at greater risk for severe illness or death from COVID-19.[3] It argues, however, that the pandemic and his compromised health do not support a reduction in his sentence because his health conditions are well-controlled with medication.[4] The government also argues that Moody poses a danger to the community because of the nature and severity of his offenses and his likelihood of recidivism given his violation of

---

[1] Def.'s Mot. for Sent. Red. at 1, 3–4 (ECF No. 52).

[2] Def.'s *Pro Se* Letter (ECF No. 50).

[3] Govt.'s Resp. in Opp. to Def.'s Mot. to Red. Sent. at 18–22 (ECF No. 54).

[4] *Id.* at 7–8.

parole following previous incarcerations and his lengthy criminal history.[5]

Moody pled guilty to one count of possession with intent to distribute 280 grams or more of cocaine base ("crack") within 1,000 feet of a school and one count of possession of a firearm by a convicted felon.[6] He had two prior felony drug trafficking convictions.[7] The sentencing guideline range was 262 months to 327 months.[8] Moody was sentenced to an aggregate prison term of 120 months followed by three years supervised release.[9] He is scheduled to be released on July 22, 2023.[10] Moody has had two disciplinary infractions while incarcerated, one for possession of an unauthorized item in an unauthorized area and the other for possession of an unauthorized item and a non-hazardous tool.[11]

Moody is 47 years old.[12] He suffers from obesity and hypertension.[13] On January 21, 2021, he was offered but refused the Pfizer vaccine.[14] He tested positive for COVID-19 on January 28, 2021 and has since recovered.[15] He has not suffered any residual

---

[5] *Id.* at 33–34.

[6] *Id.* at 3.

[7] *Id.*  The government agreed to file an information listing only one of those convictions.  *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 6.

[11] *Id.*

[12] *Id.* at 7.

[13] *Id.*

[14] *Id.* at 8.

[15] *Id.*

consequences from his infection.[16]

Because Moody has recovered from COVID-19 and refused vaccination, we find that the circumstances of the pandemic do not constitute an extraordinary and compelling reason warranting release.  Therefore, we shall deny his motion for a sentence reduction under the compassionate release statute.

## Discussion

A court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if it first finds that extraordinary and compelling reasons warrant a reduction and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Before ordering the release of a prisoner, the court must determine that he is not a danger to the safety of others or the community.  18 U.S.C. § 3142(g).

Congress did not define what constitutes an extraordinary and compelling reason, leaving it to the Sentencing Commission to do so.  In its policy statement and commentary addressing Section 3582(c)(1)(A), the Sentencing Commission set forth three specific extraordinary and compelling reasons.  U.S.S.G. § 1B1.13, cmt. n. 1.  Application Notes 1(A) through 1(C) detail qualifying medical, age and family circumstances.

Making it clear that these were not the only reasons that may be considered extraordinary and compelling, the Sentencing Commission added an "other reasons" category that provides a reduction may be warranted by an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  U.S.S.G. § 1B1.13, cmt. n. 1(D).  At the same time, it delegated the Bureau

---

[16] *Id.*

of Prisons ("BOP") Director to define what "other reasons" qualify under subdivision 1(D). *Id*.

We have held in other cases that a court has the authority and responsibility to determine what is an extraordinary and compelling reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[17] We have also determined that the COVID-19 virus and its impact on the prison population in a particular case may warrant relief under Section 3582(c)(1)(A).[18] Thus, we consider Moody's motion on the merits.

To determine whether extraordinary and compelling reasons exist in an individual case, we consider the circumstances of the COVID-19 pandemic, the defendant's health conditions, the defendant's age, the risk of contracting COVID-19 at the defendant's facility, and whether the defendant has been vaccinated. None of these reasons alone is an extraordinary or compelling reason. Health complications without a risk of COVID-19 at a particular institution do not warrant release. Similarly, the fact that a facility may have confirmed cases of COVID-19 does not justify release if the defendant is not at risk due to age or other medical conditions, or if the defendant is fully vaccinated. However, a combination of these circumstances may rise to the level of "extraordinary and compelling." Hence, each case must be determined by the facts unique to the defendant.

Although Moody suffered from several medical conditions associated with increased risk of severe illness or death from COVID-19, the risks posed to Moody's

---

[17] *See United States v. Spencer*, 519 F. Supp. 3d 237, 244 (E.D. Pa. 2021); *United States v. Babbitt*, 496 F. Supp. 3d 903, 909 (E.D. Pa. 2020); *United States v. Medina*, No. 15-554, 2021 WL 1581608, at *5 (E.D. Pa. Apr. 22, 2021); *United States v. Avery*, No. 04-243, 2021 WL 949482, at *5 (E.D. Pa. Mar. 12, 2021); *United States v. Randall*, No. 08-8, 2021 WL 922077, at *5 (E.D. Pa. Mar. 11, 2021).

[18] *See Spencer*, 519 F. Supp. 3d at 252–53; *Babbitt*, 496 F. Supp. 3d at 916; *Medina*, 2021 WL 1581608, at *10.

health are minimal.  He contracted the virus in January 2021 and fully recovered. Moreover, there were seven positive cases among the inmate population and twelve cases of staff members at FCI Fort Dix where Moody is housed.[19]  Of the inmates at FCI Fort Dix, 65.6% are fully vaccinated.[20]  Therefore, we conclude these circumstances do not present an extraordinary or compelling reason justifying compassionate release.[21]

---

[19] Federal Bureau of Prisons, "COVID-19 Coronavirus" (updated daily), https://bit.ly/2SOsQpe.

[20] *Id*.; Federal Bureau of Prisons, "FCI Fort Dix," https://www.bop.gov/locations/institutions/ftd/.

[21] Our reasoning is consistent with that of numerous other courts in the Third Circuit that have denied compassionate release motions brought by defendants with underlying conditions increasing the risk of severe illness from COVID-19 that were offered but refused vaccination.  *See, e.g.*, *United States v. Joseph*, No. 10-664, 2021 WL 5198094, at *3–5 (E.D. Pa. Nov. 9, 2021) ("The Court recognizes that Joseph[, who suffers from diabetes, latent tuberculosis, and obesity,] is within his rights to voluntarily refuse the vaccine; however, Joseph 'cannot then claim that the threat posed by COVID-19 represents an extraordinary and compelling reason warranting his early release.'" (citation omitted)); *United States v. Tommaso*, No. 15-602-2, 2021 WL 4941490, at *4 (E.D. Pa. Oct. 22, 2021) ("Tommaso[, who suffers from hypertension,] is well within his rights to refuse vaccination.  However, he cannot then claim that he must be released due to a risk of health complications that could be virtually eliminated by that same vaccine." (citations omitted)); *United States v. Hardison*, No. 18-168, 2021 WL 4132435, at *3 (E.D. Pa. Sept. 10, 2021) ("While Mr. Hardison was, of course, within his rights to make this choice, his argument that he risks death or serious injury from COVID-19 'rings somewhat hollow in light of his affirmative choice to refuse a highly-effective vaccine.'" (citation omitted)); *United States v. Robinson*, No. 15-596, 2021 WL 3537296, at *3 (E.D. Pa. Aug. 11, 2021) ("Accordingly, I find that his refusal to accept a vaccine negates any 'extraordinary and compelling reason' for relief that he would otherwise have, such as his obesity."); *United States v. Kassis*, No. 19-449, 2021 WL 3489816, at *3 (E.D. Pa. Aug. 9, 2021) ("If the Court was to hold that the mere refusal to be vaccinated represents an extraordinary and compelling reason to warrant release, then inmates would be incentivized to refuse vaccinations.  This would be contrary to any good sense considerations of the detained individuals' or society's well-being."); *United States v. Adams*, No. 18-502-1, 2021 WL 2822939, at *2 (E.D. Pa. July 7, 2021) ("Under these circumstances, Adams voluntary refusal to 'provide self-care' and mitigate his risk of a severe COVID-19 outcome negates the otherwise compelling medical reason [(obesity)] for his release." (citations omitted)); *United States v. Ortiz*, No. 18-264, 2021 WL 1422816, at *2, *4 (E.D. Pa. Apr. 15, 2021) ("[W]hile a petitioner [with diabetes and obesity] who declines a COVID vaccine is 'within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk.'" (citation omitted)); *United States v. Jackson*, No. 07-40-2, 2021 WL 1145903, at *2 (E.D. Pa. Mar. 25, 2021) ("However, Jackson was offered the Moderna COVID-19 vaccine on January 6, 2021 and elected not to be vaccinated[, despite suffering from type II diabetes and obesity]. Thus it seems that Jackson has voluntarily declined to "provide self-care" and mitigate her risk of a severe COVID-19 infection.").
  Because we conclude that there is no extraordinary or compelling reason to grant compassionate release, we do not reach the issue of whether Moody is a danger to the safety of others or the community.

**Conclusion**

The COVID-19 pandemic and the low risk of Moody contracting COVID-19 at FCI Fort Dix do not constitute an extraordinary and compelling reason to grant a sentence reduction. Moody is not at risk of severe illness or death while continuing to serve his sentence at FCI Fort Dix. Therefore, we shall deny his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).